IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FREEDOM FRESH, L.L.C., ET AL.,

    Plaintiff,

        v.

JUDITH FINE FOODS INTERNATIONAL, INC., ET AL.,

    Defendants.

Civ. No. 05-1848 (PG)

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Plaintiff has filed a Complaint to Enforce Payment for Produce Trust, a Certification Why Notice Should Not Be Required Pursuant to Federal Rule of Civil Procedure 65(b), and a Motion seeking a Temporary Restraining Order enjoining defendants from transferring any and all assets, except for payment to plaintiffs.

It appearing that this Court has subject matter jurisdiction pursuant to Section 5(c)(5) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5); 28 U.S.C. § 1331; and under 28 U.S.C. § 1332;

And it further appearing from the specific facts alleged that plaintiff has suffered and will continue to suffer immediate and irreparable injury before the adverse parties or their attorneys can be heard in opposition; that there is no other adequate, immediate, and complete remedy at law because the trust assets at issue will be dissipated shortly (see Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 140 (3rd cir. 2000); that there is a likelihood that plaintiff will prevail on the merits; that the alleged unlawful acts will continue unless restrained by Order of the Court; that the injury allegedly inflicted upon plaintiff would be greater than the injury that defendants may suffer because of the granting of the temporary injunctive relief; and that notice should not be required pursuant to Fed.R.Civ.P. 65(b) because it will only accelerate the dissipation of trust assets;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

That defendants, their officers, agents, employees, directors, members, and all persons in active participation with any of them be and are hereby restrained from transferring any and all assets, except for payment to plaintiff.

Civ. No. 05-1848 (PG) Page 2

**IT IS FURTHER ORDERED that:**

Defendants appear before this Court on _August 26, 2005_ at 10:00 A.m. to show cause why a preliminary injunction should not be granted. Defendants shall file an answer to the Complaint no later than _August 24, 2005_; and shall also file a memorandum of law stating their position no later than _August 24, 2005_.

Although plaintiff asserts that no bond should be required because defendants already have $110, 864.92 worth of plaintiff's trust assets in their possession, in accordance with the mandatory provisions of Federal Rule of Civil Procedure 65(c), plaintiff shall post a bond in the amount of one thousand dollars ($1,000.00) no later than _August 19, 2005_.

This Order will expire on _August 26, 2005 at 5:00 p.m._ unless within such time the Order is extended for good cause shown for a like period, or unless the defendants consent that it may be extended for a longer period, or unless defendants pay plaintiff the outstanding amount owed.

Service of a copy of this Order together with copy of the Complaint shall be made by the U.S. Marshal upon defendants no later than _August 19, 2005_ in any manner provided in the Federal Rules of Civil Procedure and authorization is given for service of these documents on any day of the week at any hour of the day. Proof of such service shall be filed herein.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, Wednesday, August 17, 2005 at _5:00_ p.m.

_Juan M. Pérez Giménez_
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE